[No. 18803.  Department One.  February 17, 1925.]

DANA CHILD, *Appellant*, v. WESTERN LUMBER EXCHANGE, *Respondent*.[1]

GARNISHMENT—WRONGFUL GARNISHMENT — LIABILITY — DAMAGES. One to whom an account had been assigned prior to garnishment of the assignor, and who voluntarily intervened in the suit, made good his claim, and recovered his costs of suit, cannot maintain an action for damages through the alleged wrongful issuance of the garnishment against his assignor, where he was not deprived of the use of the property and made no showing of malicious prosecution or want of probable cause in the garnishment case.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered March 15, 1924, upon findings in favor of the defendant, in an action for wrongful garnishment, tried to the court. Affirmed.

*A. O. Colburn,* for appellant.

*John A. Peacock* and *Davis, Heil & Davis,* for respondent.

PARKER, J.—The plaintiff, Child, seeks in this action recovery of damages which he alleges he suffered as the result of a wrongful garnishment proceeding commenced by the defendant, lumber exchange, against F. W. Waterman as garnishee defendant, in which proceeding Child intervened, claiming that the attempted garnisheed debt of Waterman to the original defendant judgment debtor, Sanger Lumber Company, had been assigned by it to Child, and that he, Waterman, was therefore owing it to Child and not to Sanger Lumber Company. A trial of this action upon the merits in the superior court for Spokane county, sitting without a jury, resulted in findings and judgment denying to Child any recovery, from which he has appealed to this court.

[1]Reported in 233 Pac. 322.

The controlling facts clearly appearing by this record may be summarized as follows: On January 10, 1922, lumber exchange, having a judgment of record in the superior court for Spokane county against Sanger Lumber Company, caused to be issued thereon a writ of garnishment directed to Waterman requiring him to answer in what amount, if any, he was then indebted to Sanger Lumber Company. Thereupon in due time Waterman answered the writ of garnishment, in substance, that, at the time of the service of the writ of garnishment upon him, he was not indebted to Sanger Lumber Company in any sum, but that a short time prior thereto he was indebted to Sanger Lumber Company, which indebtedness had, prior to the service of the writ of garnishment upon him, been assigned by Sanger Lumber company to Child. Lumber exchange controverted this answer of Waterman, alleging in substance that the alleged transfer was fraudulent and without consideration. Thereafter Child intervened in the garnishment proceeding, claiming the indebtedness owing by Sanger Lumber Company, and thereafter, by agreement of all parties, Waterman deposited the amount so owing by him with the clerk of the superior court to abide the court's decision as to who was entitled to it. Thereupon Waterman was dismissed out of the proceeding, being awarded his costs, and it remained simply a controversy between Child and lumber exchange as to which was entitled to the money so deposited by Waterman. Thereafter the judgment in favor of lumber exchange upon which the garnishment was issued was reversed by this court, leaving its claim to the money wholly without support. Thereafter the controversy between Child and lumber exchange as to which was entitled to the money, was by the court dismissed, costs being awarded to Child, thus releasing the money to Child. No garnishment

was ever issued against Child. He was simply an intervener claiming a fund which had never been in his possession; which fund was also claimed by lumber exchange. The commencement and prosecution of the garnishment proceeding by lumber exchange plainly was not without probable cause on its part.

The contentions of counsel for Child seem to rest upon the theory that the garnishment was, in substance, an attachment wrongfully depriving him of the enjoyment of his property, the amount due from Sanger Lumber Company, pending the garnishment proceeding and the controversy between him and lumber exchange as to which was entitled to be awarded the fund in question. This, we think, is a mistaken theory. The garnishment was not issued against Child, nor was any property taken from his possession under it, nor did it in the least interfere with his right to sue Waterman or Sanger Lumber Company for the amount due him. Instead of asserting his right to collect the indebtedness due him by an ordinary civil action, he voluntarily intervened in the garnishment proceeding seeking recovery of this fund in satisfaction of that indebtedness. In other words, he voluntarily became a plaintiff in intervention seeking relief which in substance was the same ultimate relief he would have been seeking had he voluntarily become a plaintiff in an ordinary civil action seeking recovery of the indebtedness due him. We fail to see that Child is in any different position than he would have been in had he commenced and prosecuted to a successful termination such an ordinary civil action, in so far as his right to damages he here seeks is concerned. When the controversy was finally determined in his favor, he was awarded his costs. Plainly, he is not entitled to more for his trouble incident to the prosecution of his claim, viewing his rights apart from any theory of malicious

prosecution or want of probable cause on the part of lumber exchange in prosecuting the garnishment proceeding. *Abbott v. Thorne,* 34 Wash. 692, 76 Pac. 302, 101 Am. St. 1021, 65 L. R. A. 826.

We have seen that there is no showing in this case supporting recovery by Child upon the theory of malicious prosecution or want of probable cause. Counsel for Child cite in support of their contentions the decision of the supreme court of Nevada in *McIntosh v. Knox,* 40 Nev. 403, 165 Pac. 337. It may be conceded that observations are made in that decision which seem not wholly in harmony with the conclusion we here reach, but a critical reading of that decision seems to us to disclose the fact that the element of malicious prosecution and want of probable cause largely influenced the disposition of that particular controversy. If that case is not so distinguishable from this one, we would feel constrained to decline to follow it, though we have great respect for that court.

The judgment is affirmed.

TOLMAN, C. J., MAIN, and BRIDGES, JJ., concur.