[No. 22066. Department One. December 17, 1929.]

MANHATTAN QUALITY CLOTHES, INCORPORATED, *et al.,* *Appellants,* v. C. H. CABLE *et al., Respondents.*[1]

*H. E. Foster,* for appellants.

*Philip D. Macbride* and *George W. Williams,* for respondents.

TOLMAN, J.—This is an appeal by the plaintiffs from a judgment of dismissal based upon a motion made after the impaneling of a jury and after counsel for plaintiff had made his opening statement, objecting to the introduction of any evidence and moving for dismissal upon the ground that the plaintiff's complaint and opening statement failed to show any cause of action.

The principal allegations of the complaint are to the effect that the appellants had, for some time, been engaged in a profitable retail mercantile business in the

[1]Reported in 283 Pac. 460.

city of Seattle and were so engaged on May 16, 1927, and occupying certain premises under lease from the respondent Cobb-Healy Investment Company then unexpired and in good standing. At the time specified, it is alleged that the Cobb-Healy Investment Company, together with respondents Cable and Smith, its officers, and the respondent Henry Broderick, Inc., its rental agent, entered into a confederacy and conspiracy to destroy appellants' business, injure their credit, financially embarrass them, and to obtain possession of the leased premises and to retain the deposit made to cover future rentals.

It is alleged that, in pursuance of this conspiracy, the respondents maliciously caused a suit to be instituted against the appellants on May 16, 1927, alleging therein that the rent for the leased premises for the month of May, 1927, had not been paid, seeking a foreclosure of a landlord's lien for such rental upon appellants' property in the premises; and that respondents, in pursuance thereof, caused an order to show cause to be issued to the appellants requiring them to appear at a future day fixed and show cause why a receiver should not be appointed *pendente lite* for the stock of merchandise in the demised premises. It is further alleged that no rent was in fact due when the action was commenced, which fact was well known to respondents, and that later the action was dismissed. It is further alleged that the bringing of the action and the allegations made in aid of the application for the appointment of a receiver were given great publicity in the newspapers and through the commercial agencies, and that by reason thereof the appellants were greatly damaged, injured and embarrassed, and their credit destroyed; that the appellant corporation was financially ruined; that its capital stock of twenty thousand dollars became worthless; and that it was com-

pelled to retire from business, all to the damage of the appellants in the sum of fifty thousand dollars.

The opening statement of counsel to the jury was practically a repetition of the complaint except that the charge of conspiracy was not stressed.

Respondents' motion below, upon which the trial court acted, seems to have been based upon the following propositions:

(1) That no action will lie for the recovery of damages sustained by the institution and prosecution of a civil action with malice and without probable cause, when there was no arrest of the person or seizure of the property of the defendant;

(2) That allegations contained in the pleadings in a court of competent jurisdiction are privileged;

(3) That destruction or injury to commercial credit, reputation, pride, feelings and the like is not an element of damages;

(4) That neither in the complaint nor in the opening statement of counsel is there any charge or allegation of an abuse of process.

The arguments presented here are directed to these questions, and we will consider them in order, so far as necessary to a decision, adding to the question first suggested such discussion of the charge of conspiracy as we think necessary.

(1) Upon this subject we have ample authority in our own cases. Judge Dunbar, in the case of *Abbott v. Thorne,* 34 Wash. 692, 76 Pac. 302, 101 Am. St. 1021, 65 L. R. A. 826, ably reviewed the subject and the conflicting decisions from other jurisdictions, and there said:

"But, notwithstanding the able opinion in this case, we are forced to the conclusion, from an investigation of authorities and a consideration of the principles involved, that the contrary doctrine is well established,

and that an action will not lie for the prosecution of a civil action with malice and without probable cause, when there has been no arrest of the person or attachment of the property of the defendant, and no special injury sustained, or injury which is not the necessary result in such suits. And this doctrine we think is sustained, not only by the overwhelming weight of numerical authority, but by the overwhelming weight of reason."

We have never departed from this doctrine, but on the contrary have uniformly recognized and upheld it in subsequent cases. *Olson v. Haggerty*, 69 Wash. 48, 124 Pac. 145; *Child v. Western Lumber Exchange*, 133 Wash. 49, 233 Pac. 322.

■ (1-a) Does the charge of conspiracy change the rule? The general rule seems to be well stated in 5 R. C. L. § 42, p. 1092:

"There has been considerable controversy over the question whether an act lawful when done by an individual becomes actionable when done in pursuance of a combination of persons. This is of the greatest importance in cases relating to boycotts. It has been asserted that a conspiracy cannot be made the subject of a civil action, unless something is done which, without the conspiracy, would give a right of action, and that what one may lawfully do singly, two or more may lawfully agree to do jointly; the number who unite to do the act cannot change its character from lawful to unlawful. A more reasonable view of the matter, however, is that while ordinarily this is the case, yet where the act done by the individual is not actionable because justified by his rights, though harmful to another, the act becomes actionable when done in pursuance of a combination of persons actuated by malicious motives and not having the same justification as the individual."

Here, the complaint shows that the individual defendants were officers of the corporate defendant who might benefit by the consummation alleged to have

been sought, and Henry Broderick, Inc., was its agent in charge of its leased property. Hence, the only inference to be drawn from the complaint is that these particular defendants acted for and in the interest of the principal defendant and had the same justification for their acts as did the principal defendant. Therefore this is not a case for the application of the exception to the rule indicated by the text above quoted.

However, disregarding that consideration, this question of the exception to the rule is one upon which the conflict of authority equals that upon the rule itself, but for reasons hereinafter stated we do not find it necessary to cite and discuss the holdings of other courts upon this subject further than to call attention to the case of *Pye v. Cardwell,* 224 S. W. (Tex. Civ. App.) 542, as decided by the court of civil appeals of the state of Texas and the same case as decided by the supreme court of Texas reported in 110 Tex. 572, 222 S. W. 153, the reasoning of those courts being considered sound and as supporting the conclusion we have reached.

Feeling that this question of conspiracy must necessarily have been passed upon in *Abbott v. Thorne, supra,* we have examined the record in that case and find that there, as here, the complaint contained a direct charge of conspiracy. That question was therefore a vital one in that case and was there necessarily decided adversely to appellants' contentions here. Such being the condition and there being no allegation presenting the issue of abuse of process, the *Thorne* case completely governs the issues in this case and therefore we find it unnecessary to discuss the other points raised.

The judgment appealed from is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.