[No. 23520.   Department Two.   March 31, 1932.]

WILLIAM A. GILMORE, *Appellant,* v. J. G. THWING *et al., Respondents.*[1]

*Leo W. Stewart, Harry S. Redpath,* and *Winter S. Martin,* for appellant.

*Bausman, Oldham & Walkinshaw,* for respondents.

TOLMAN, C. J.—This is an appeal by the plaintiff from a judgment of dismissal of his action, with prejudice, upon a motion for judgment on the pleadings and on the plaintiff's opening statement to the jury.

[1]Reported in 9 P. (2d) 775.

The action is one for damages alleged to have been sustained by reason of the wrongful suing out of a writ of garnishment, or the abuse of process in serving the writ upon the garnishee defendant, a bank, in such a way and at such a time as to not only impound the appellant's checking account, but also to cause the dishonor of a large number of his checks, each of which he had issued in due course and for a valuable consideration to innocent holders. Of course, it is alleged that the writ was in due course dissolved and quashed upon appellant's motion.

Appellant, a practicing attorney with a large clientele, further alleges that the acts of the defendants in so issuing and serving the writ were performed as a result of a conspiracy between them; that these acts were wrongful, illegal and malicious; and that, as a result, he suffered great damage to his personal credit, damage to his professional standing and to his business, great humiliation, disgrace, and loss of his peace of mind, in the aggregate amounting to the sum of $100,000.

The opening statement to the jury followed the allegations of the complaint, and went no further, in any respect material here, except to indicate that appellant was so perturbed mentally by the acts complained of as to affect his health and cause him to be unable to attend to his professional duties for a period of several months. Neither in his complaint nor in the opening statement did appellant claim any damage for the detention of his money on deposit, the measure of which damage would, of course, be interest on the sum detained; nor was anything alleged or said as to any expense incurred in procuring the dissolution of the garnishment.

Appellant refers to this as an action for malicious prosecution of a civil action, and also as an action

for the malicious abuse of process. It may simplify the issues to say now that we see it as an action of malicious prosecution of a civil action, and find no allegation or statement upon which to base a holding that there was here shown any abuse of process. Whatever was done illegally, wrongfully, or at all, by the respondents was done to procure the issuance of the writ of garnishment. Had that writ been rightfully issued, it would have been rightfully served upon anyone designated as being indebted to the appellant. The bank was so indebted, and if the writ had been rightfully issued, its service upon the bank would have been rightful; hence there can be no basis for the claim of abuse of process.

This is an action for malicious prosecution of a civil action, the basis for which was the acts done by the respondents in causing the writ wrongfully to issue. It must not be confused with an action for malicious prosecution of a criminal action, or with an action on the garnishment bond.

Whether the wrongful actions of the respondents were done as a result of a conspiracy, whether they were malicious or not, is all immaterial. The gist of the action is the wrong done to the appellant in causing the garnishment of his funds. None of the elements of damage alleged or stated by the appellant are recoverable in such an action as this.

*McGill v. Fuller & Co.*, 45 Wash. 615, 88 Pac. 1038, was an action to recover damages for the wrongful and malicious suing out of a writ of attachment. A garnishment is the attachment of a credit or credits, and the rule is the same whether one attaches tangible physical property by means of a writ of attachment, or attaches credits by means of a writ of garnishment. In the case just cited, it was held that, in such actions as this, recovery might be had (1) for the loss of as-

certainable profits flowing from an established business; (2) for the reasonable value of the use of property during the period of detention; and (3) damages for injury to property, if any. It was distinctly there held that, in such an action as this, there can be no recovery for injury to reputation, pride, feelings or to one's credit, and the reason given therefor applies with equal force to impairment of health caused by mental distress so arising. The case is well reasoned, and stands now as it was first written, wholly unlimited by any decision since handed down by this court.

Again, in *Melcher v. Clark*, 145 Wash. 95, 258 Pac. 1032, 54 A. L. R. 448, the same questions were presented and decided. The *McGill* case was cited, approved and followed; so that the law must now be considered as settled. See, also, *James v. Cannell*, 135 Wash. 80, 237 Pac. 8, more especially as to damages for detention of money being limited to interest.

Appellant seems to rely upon *Olson v. Haggerty*, 69 Wash. 48, 124 Pac. 145; but that case is distinguishable because it was based upon the wrongful issuance and use of a search warrant in an attempt to locate stolen property. Clearly, a search warrant partakes of the nature of a criminal proceeding, and is issued and used to uncover evidence of crime and to ascertain facts which may be a basis for some criminal charge to follow. Therefore, to the *Olson* case, the rule applicable in actions for malicious prosecution of a criminal action was properly applied, and the case is not an authority here.

*Manhattan Quality Clothes v. Cable*, 154 Wash. 654, 283 Pac. 460, also relied upon by the appellant, holds only that no action lies for the malicious prosecution of a civil action where there has been no arrest of the person or attachment of property. That case does not attempt or purport to determine the kind or nature of

damages which may or may not be recoverable where property has been wrongfully attached.

Appellant having failed to set forth any actionable wrong suffered by him as the result of the respondents' actions, the judgment is right, and it is therefore affirmed.

MAIN, BEALS, and MITCHELL, JJ., concur.

MILLARD, J. (dissenting)—I do not subscribe to the English rule that,

"The bringing of an ordinary action, however maliciously, and however great the want of reasonable and probable cause, will not support a subsequent action for malicious prosecution." *Quartz Hill Consol. Gold Min. Co. v. Eyre,* L. R. 11 (Q. B. Div.) 674, 52 L. J., Q. B. (N. S.) 488.

In my opinion, the just rule is that a wrong act done intentionally, without legal justification, constitutes such malice in instituting a civil action as will support an action for malicious prosecution, when there is an interference with person or property.

The motion for judgment on the pleadings admits to be true the allegations that the respondents, as the result of a conspiracy between them, maliciously and without probable cause instituted a civil action against appellant, and thereby seized the property of appellant, with resulting damage to the appellant. I am of the view that the complaint stated facts sufficient to constitute a cause of action against the respondents.

"In some cases it has been held that an action may be maintained for the malicious institution, without probable cause, of any civil suit which has terminated in favor of the defendant, but the English authorities do not justify this statement, and there is much good reason in what has been said in a Pennsylvania case, that 'if the person be not arrested, or his property seized, it is unimportant how futile and unfounded the

action might be; as the plaintiff, in consideration of law, is punished by the payment of costs.' If every suit may be retried on an allegation of malice, the evils would be intolerable, and the malice in each subsequent suit would be likely to be greater than in the first.

"Since the second edition was published this question has been much litigated and many learned opinions on the subject have been handed down, with the result that now the preponderance of authority seems to be in favor of the right to maintain the action. The reasons in support of the action are thus given in one of the cases referred to: One who maliciously sets in motion the formidable machinery of the courts to harass and oppress his neighbor 'abuses the process of the law intended for parties who act in good faith, and his offense is of the same character, and only less in degree, with that of one who accompanies such an action with the seizure of the person or the property of the defendant. To refuse a remedy for the wrong in either case would violate the well-recognized rule of the common law that no injury, improperly inflicted, should go unredressed. The spirit of this rule, if not its letter, requires the courts, in every case where they find that one, in bad faith, has prostituted their process to gratify his malice, to afford the party so wronged personal redress for the damages sustained by him, when this is found to be in excess of the taxable costs of the suit. It is held that the want of probable cause must be very palpable and that greater latitude in the doctrine of reasonable cause must be exercised in such cases than would be permissible in an action for maliciously prosecuting a criminal case.

"On the other hand, a number of courts hold that an action will not lie for the malicious prosecution of a civil suit when there is no interference with person or property. The reasons in support of this view are well stated by the supreme court of Illinois, which says: 'Those, who favor the doctrine that courts ought to permit suits of this character to be brought and prosecuted, urge in support of it the common law maxim, that for every wrong the law furnishes a remedy. It

is said that, when a civil suit is maliciously prosecuted without probable cause, the defendant undergoes expenses, and suffers injury from loss of time, and often from loss of credit; and that these wrongs he must endure without a remedy, if he cannot bring suit for damages for the prosecution of such malicious action. On the other hand, it must be remembered that the courts are open to every citizen; and every man has a right to come into a court of justice and claim what he deems to be his right without fear of being prosecuted for heavy damages. If such actions are allowed, it might oftentimes happen that an honest suitor would be deterred from ascertaining his legal rights through fear of being obliged to defend a subsequent suit, charging him with malicious prosecution.' 'Those, who favor this species of action, also claim that, if the courts refuse to allow such actions to be maintained, litigation will be encouraged, and causeless and unfounded civil suits will be apt to be brought. On the contrary, the danger is that litigation will be promoted and encouraged by permitting such suits as the present action to be brought. This is so, because the conclusion of one suit would be but the beginning of another. A defendant who had secured a favorable result in the suit against him, would be tempted to bring another suit for the purpose of showing, that there had been malice and want of probable cause in the prosecution of the first suit which he had won. Litigation would thus become interminable. Every unsuccessful action would be apt to be followed by another, alleging malice in the prosecution of the former action. There would thus be substantially a trial of every lawsuit twice instead of once, because in order to show that the first suit was malicious, and without probable cause, it would be necessary to go over again the material facts that had been developed by the proof in such suit.'' 1 Cooley on Torts (3d ed.), p. 349.

''An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant

against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If anyone of these elements is lacking, the result is fatal to the action." 38 C. J., 386.