[No. 46121. En Banc. December 6, 1979.]

GEM TRADING COMPANY, INC., *Plaintiff,* v. CUDAHY CORPORATION, *Respondent,* ROBIN VAN WOERDEN, ET AL, *Petitioners.*

*Perry J. Robinson,* for petitioners.

*Halverson, Applegate & McDonald* and *David H. Put-ney,* for respondent.

HOROWITZ, J.—This appeal raises questions of abuse of a qualified or conditional privilege to a defamation claim and the elements of the tort of malicious prosecution.

Appellant Robin Van Woerden, a cattle feed lot manager, brought a civil action for defamation and malicious prosecution of a civil case against respondent Cudahy Corporation, his former employer. The Court of Appeals, Division Three, affirmed the dismissal of the claims on summary judgment by the Yakima County Superior Court because of Van Woerden's failure to show Cudahy's malice in making the conditionally privileged remarks and because of the lack of arrest of the person or seizure of property and special injury in the allegedly malicious claim initially filed by Cudahy against Van Woerden. We *affirm* the trial and appellate courts' actions for the reasons set forth here.

Van Woerden was employed by Cudahy as manager of its cattle feed lot near Sunnyside, Washington. As manager, Van Woerden entered into many contracts for future delivery of hay, barley, and silage to feed cattle on the lot.

In spring 1974 an unexpected drop in the cattle market caused the price of feed to suffer a corresponding decline. Cudahy learned of the many contracts entered into by Van Woerden and, after investigating irregularities in his manner of recording contracts, terminated Van Woerden's employment and wrote to two major grain dealers with whom he had dealt disclaiming liability for "unauthorized" orders placed by Van Woerden. The allegedly defamatory letters contained the following language:

This is to advise you that we will not accept delivery of the commodities identified in the following order numbers, together with *any other unauthorized purchase orders signed by Robin Van Woerden* which we may not be aware of at this time: . . . [listing purchase orders]. Should you have any question about your right to decline such delivery, we remind you of your obligation to mitigate any damages you may claim in accordance with the provisions of the Uniform Commercial Code.

(Italics ours.)

Gem Trading Company began an action against Cudahy for breach of a contract for hay entered into by Van Woerden. In a third–party complaint, Cudahy joined Van Woerden and others as third–party defendants, alleging a

conspiracy to defraud Cudahy by making the contract upon which Gem Trading had originally sued. In his "Answer and Cross–complaint" Van Woerden denied Cudahy's allegations and counterclaimed for damages resulting from Cudahy's disclaimer of his authority to enter into feed contracts, alleging that the repudiating letters were libelous. Van Woerden alleged that the disclaimer of authority in the letters was false, but did not allege that the misrepresentations were without justification or malicious.

Cudahy and Gem Trading settled without Van Woerden's participation, and Cudahy's third–party claim against Van Woerden was consequently dismissed with prejudice. On Cudahy's motion for summary judgment, Van Woerden's counterclaim was dismissed on the ground that statements made by Cudahy in the repudiating letters were qualifiedly privileged as a matter of law. An amended counterclaim seeking damages arising from Cudahy's civil malicious prosecution of the third–party complaint was also later dismissed by the trial court.

The Court of Appeals affirmed the trial court's dismissal. The court held that appellant's failure to raise the issue of Cudahy's good faith in publishing the repudiating letters made summary judgment appropriate once the allegedly defamatory statements were found to be conditionally privileged. The court further held that the civil malicious prosecution claim could not be maintained without arrest of the person or seizure of property and special injury arising from the challenged suit. In dicta, the court added that Washington's common–law requirement of arrest or seizure of property was retained after passage in 1977 of a new act governing civil malicious prosecution counterclaims, RCW 4.24.350.

Two issues are presented for resolution by this court: (1) Must malice be alleged or otherwise shown to overcome a defense of qualified privilege in a defamation action so as to enable the question of abuse of privilege to go to the jury? (2) Must arrest of the person or seizure of property and

special injury be alleged or otherwise shown to maintain an action for malicious prosecution of a civil case?

# I
## ABUSE OF QUALIFIED PRIVILEGE

Appellant Van Woerden contends the trial court erred in dismissing his action for libel without a jury determination on the issue of malice "inherent" in Cudahy's allegedly false repudiating letters. We affirm the summary judgment of dismissal for Van Woerden's failure to show that Cudahy's challenged statements constituted an abuse of privilege.

A qualified privilege protects a communication made to support the interests of the publisher. *Twelker v. Shannon & Wilson, Inc.,* 88 Wn.2d 473, 478, 564 P.2d 1131 (1977). It was obviously in the interest of Cudahy to cancel the orders for unneeded feed. The existence of a qualified privilege on undisputed facts is a question of law; there was no jury question. *Ward v. Painter's Local 300,* 41 Wn.2d 859, 865, 252 P.2d 253 (1953).

After the defendant has established a qualified privilege, however, the plaintiff may defeat the protection afforded by the privilege by showing, as a matter of fact, that the privilege has been abused. *Ecuyer v. New York Life Ins. Co.,* 101 Wash. 247, 256, 172 P. 359 (1918). In this case, the privilege would have been lost upon a showing that Cudahy's statement that the contracts made by Van Woerden were "unauthorized" was published without "fair and impartial investigation or upon reasonable grounds for belief in their truth." *Twelker v. Shannon & Wilson, Inc., supra* at 479. Van Woerden contends that, regardless of the lack of extrinsic evidence of the unreasonableness or groundlessness of Cudahy's statements, a jury must be allowed to determine the nature of the latter's intent from the allegedly defamatory letters alone. However, Van Woerden asserted only that the statements made were false.

Falsity may help raise an inference that the allegedly defamatory statements were published with inadequate investigation or grounds or with actual bad faith. In *Twelker v. Shannon & Wilson, Inc., supra,* this court's most recent analysis of qualified privilege, the trial court's summary judgment was reversed and the case remanded for trial because an affidavit by an independent expert showed that details the defendant had stated were not included in a report prepared by the plaintiff were indeed included in the report. But the affidavit further stated that defendant's investigation was not sufficient to have warranted the opinions expressed in the challenged statement. *Twelker v. Shannon & Wilson, Inc., supra* at 478–79.

Extension of *Twelker* to a case such as the one at bar, where mere falsity and no other bad faith activity on the part of Cudahy is alleged, would make determination of the existence of a qualified privilege by the court of little or no importance and force every defamation case to trial. Qualified privileges are designed to defeat the initial presumption of liability raised by publication of a false defamatory statement. If the allegedly defamed plaintiff can avoid summary judgment once a communication is found qualifiedly privileged merely by reasserting the statement's false character, the existence of the privilege is of no consequence.

The burden is on plaintiff to prove abuse of the privilege. Although at summary judgment all facts will be considered in a light most favorable to the opposing party, facts which will fulfill that burden if uncontroverted must be asserted by plaintiff. Proof of falsity alone, even if accepted by the jury, cannot overcome the privilege in this case so as to require that Van Woerden's claim for defamation be submitted to the jury. To overcome a finding by the trial court that an allegedly defamatory statement is qualifiedly privileged and to thus avoid summary judgment on that ground,

it is necessary for the plaintiff to plead and prove by affidavit or otherwise that the statement was published without fair and impartial investigation or without reasonable grounds for belief in its truth.[1]

## II
### ARREST OR SEIZURE OF PROPERTY AND SPECIAL INJURY IN MALICIOUS PROSECUTION OF A CIVIL CASE

Van Woerden contends the trial court erred in dismissing his amended third–party counterclaim because the elements of malicious prosecution had not been alleged. He further asserts that the court construed too restrictively common–law requirements for a civil malicious prosecution suit, or alternatively, that a statute which may have liberalized the common law, enacted after entry of summary judgment, controls and defines the elements of the cause. We affirm the dismissal for failure to fulfill Washington's common–law requirements for the cause and decline to speculate on the nature of the cause of action under the newly enacted statute, which is inapplicable to this case.

■ This court succinctly set out Washington's common–law elements of the tort of civil malicious prosecution in *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 125 P.2d 681 (1942):

> To maintain an action for malicious prosecution, the plaintiff must allege and prove (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were

---

[1]Although Van Woerden's cross claim alleges that Cudahy maliciously joined Van Woerden as a third–party defendant, there was neither allegation nor proof that the *letters* sent by Cudahy were motivated by malice. Pleadings are absolutely privileged; the existence of malice in filing suit cannot support a claim for defamation. *Gold Seal Chinchillas, Inc. v. State,* 69 Wn.2d 828, 420 P.2d 698 (1966); *McClure v. Stretch,* 20 Wn.2d 460, 147 P.2d 935 (1944). The failure to show that the letters, rather than the pleadings, were maliciously published means that the qualified privilege protecting the letters was not overcome.

abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Peasley v. Puget Sound Tug & Barge Co., supra* at 497.[2] This court last reaffirmed this state's restrictive view of the injury necessary to satisfy condition (5) in *Petrich v. McDonald,* 44 Wn.2d 211, 215, 266 P.2d 1047 (1954):

> [A] cause of action for malicious prosecution will not lie when there is neither (1) an arrest, or (in the alternative) attachment of property, nor (2) special injury sustained (meaning an injury which would not necessarily result in similar suits).

Van Woerden urges this court to overturn our view of the injury necessary to maintain a civil malicious prosecution suit.

In *Petrich* this court carefully reconsidered the policy underlying the requirement that special injury and arrest of the person or seizure of property be shown to maintain an action for civil malicious prosecution. In analyzing the requirement for arrest or seizure of property and special damages, this court made it clear that it was aware of the adoption in "perhaps a majority" of the states of "a so–called liberal rule, under which an action for malicious

---

[2]Appellant contends that *Petrich v. McDonald,* 44 Wn.2d 211, 266 P.2d 1047 (1954) is a case of abuse of process, and thus does not support the requirement of arrest or seizure of property in a civil malicious prosecution suit. In abuse of process cases, the crucial inquiry is whether the judicial system's process, made available to insure the presence of the defendant or his property in court, has been misused to achieve another, inappropriate end. *Gilmore v. Thwing,* 167 Wash. 457, 459, 9 P.2d 775 (1932); *Rock v. Abrashin,* 154 Wash. 51, 54, 280 P. 740, 65 A.L.R. 1280 (1929). The suit itself may be justified; the abuse of process plaintiff need not show that the suit was groundless or terminated in his favor or that the process complained of was obtained without probable cause. *See* W. Prosser *Law of Torts* § 121, at 856 (4th ed. 1971). In a civil malicious prosecution action, on the other hand, the action itself must be groundless and motivated by malice. *Petrich* involved a claim that the original "libel action was based upon such facts that appellant, even under the advice of counsel, could not reasonably have expected to prevail". *Petrich v. McDonald, supra* at 214. Van Woerden's claim in the instant case likewise is that Cudahy's allegation of conspiracy was unfounded. The case was briefed, argued, and decided by the lower courts as a civil malicious prosecution case and not as an abuse of process case. Nothing in the record would support a claim of abuse of process and it therefore cannot be so characterized.

prosecution will lie even when there is no arrest and no interference with property." *Petrich v. McDonald, supra* at 219.

The requirement of arrest or seizure of property and special injury has been abandoned in some jurisdictions in order to increase the instances in which a suit for civil malicious prosecution can be successfully brought. Among the grounds advanced for liberalization of the cause of action are the belief that award of costs does not adequately compensate the wrongly sued defendant and the need to limit vexatious lawsuits. *See, e.g., Ackerman v. Kaufman,* 41 Ariz. 110, 15 P.2d 966 (1932); *Eastin v. Bank of Stockton,* 66 Cal. 123, 4 P. 1106 (1884); *Harvill v. Tabor,* 240 Miss. 750, 128 So. 2d 863 (1961).

However, the limitation of civil malicious prosecution suits to cases in which arrest or seizure of property and special injury can be shown also acts to limit the number of vexatious actions brought in our courts. We chose in *Petrich* to retain the requirement of arrest or seizure of property and special injury which was established in this state in 1904 and has been followed ever since, in order "'not to hamper the litigant or intimidate him from fully and fearlessly presenting his case.'" *Petrich v. McDonald, supra* at 217, quoting *Abbott v. Thorne,* 34 Wash. 692, 76 P. 302 (1904). *See also Manhattan Quality Clothes v. Cable,* 154 Wash. 654, 656, 283 P. 460 (1929). *Abbott,* in establishing the rule now challenged in this case, adopted the following reasoning:

> [W]e are forced to the conclusion, from an investigation of authorities and a consideration of the principles involved, . . . that an action will not lie for the prosecution of a civil action with malice and without probable cause, when there has been no arrest of the person or attachment of the property of the defendant, and no special injury sustained, or injury which is not the necessary result in such suits. . . .
>
> The right of free allegations in a pleading has always been considered privileged. Courts are instituted to grant relief to litigants, and are open to all who seek remedies

for injuries sustained; . . . While it is no doubt true that, in some instances, the peril of costs is not a sufficient restraint, and the recovery of costs is not an adequate compensation for the expenses and annoyances incident to the defense of a suit, yet all who indulge in litigation are necessarily subject to burdens the exact weight of which cannot be calculated in advance, and a rule must be established which, as a whole, is the most wholesome in its effects, and accords in the greatest degree with public policy. If the rule were established that an action could be maintained simply upon the failure of a plaintiff to substantiate the allegations of his complaint in the original action, litigation would become interminable, and the failure of one suit, instead of ending litigation, which is the policy of the law, would be a precursor of another; and, if that suit perchance should fail, it would establish the basis for still another.

*Abbott v. Thorne*, 34 Wash. 692, 694–95, 76 P. 302 (1904). The Court of Appeals cited similar arguments in affirming dismissal of Van Woerden's malicious prosecution claim. *Gem Trading Co. v. Cudahy Corp.*, 22 Wn. App. 278, 287, 588 P.2d 1222 (1979). The limitation of civil malicious prosecution actions to instances in which the plaintiff can prove arrest or seizure of property and special injury still serves the dual purposes of allowing the honest plaintiff to press his case without threat of suit and of limiting vexatious lawsuits, and thus we reaffirm these elements of the common–law cause of action in Washington. In reaffirming the holding of *Petrich* we retain the requirement that a malicious prosecution action must show *both* special injury *and* arrest or seizure of property.

Appellant next contends that the enactment of RCW 4.24.350 in June 1977, after entry of summary judgment in this case, justifies abrogation of the requirement of arrest or seizure of property. RCW 4.24.350 provides:

In any action for damages, whether based on tort or contract or otherwise, a claim or counterclaim for damages may be litigated in the principal action for malicious prosecution on the ground that the action was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such

action, or that the same was filed as a part of a conspiracy to misuse judicial process by filing an action known to be false and unfounded.

■ Statutes are presumed to apply prospectively only. *Amburn v. Daly*, 81 Wn.2d 241, 501 P.2d 178 (1972). However, a "remedial" statute, which relates to practice, procedure or remedies and does not affect a substantive or vested right, may operate retroactively, *Yellam v. Woerner*, 77 Wn.2d 604, 464 P.2d 947 (1970).

■ Van Woerden argues that the statute, which provides for a new type of counterclaim, is procedural in nature and thus should be applied retroactively. However if the statute is merely procedural and thus acts only to "streamline" the cause of action, the common–law substantive elements not explicitly abrogated by the statute (*i.e.*, the requirement of arrest or seizure of property and special injury) must remain. On the other hand, if the statute is substantive and changes the elements of the cause of action, it cannot apply retroactively to "save" appellant's claim.

Thus, the new statute is not material to the case at bar because if it is substantive it does not apply retroactively and if it is procedural it does not change the common–law elements. We therefore do not decide the nature of the cause of action for civil malicious prosecution under RCW 4.24.350. We hold only that the common–law action of civil malicious prosecution in the state of Washington requires that the appellant plead and prove both special injury and arrest of the person or seizure of property.

Affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied February 14, 1980.