**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY J. GORDON and VICKI
GORDON,

                Plaintiffs-Appellants,

  v.

UNITED STATES OF AMERICA,

                Defendant-Appellee.

No. 16-35867

D.C. No. 4:15-cv-05073-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted June 13, 2018
Seattle, Washington

Before: GOULD and WATFORD, Circuit Judges, and ROTHSTEIN,** District
Judge.

Jeffrey and Vicki Gordon appeal the district court's dismissal of their

malicious prosecution claim, which they brought under the Federal Tort Claims

Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2680(h). We have jurisdiction under 28

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **      The Honorable Barbara Jacobs Rothstein, United States District Judge
for the Western District of Washington, sitting by designation.

U.S.C. § 1291, and we affirm.[1]

Approximately five years before bringing the instant claim, Jeffrey Gordon, along with others in Washington's potato farming industry, was indicted on one count of Conspiracy to Make False Statements and Commit Fraud and one count of Making a False Application, in connection with his submissions to insurance companies that were reinsured by the federal crop insurance program, which is operated by the United States Department of Agriculture ("USDA"). The case proceeded to a jury trial, and both charges against Gordon were ultimately dismissed by the trial court. In the instant action, the Gordons allege that the United States, acting through Steve Tillotson, a Special Agent within the USDA's Office of the Inspector General ("OIG"), provided incomplete, false, and misleading testimony to the grand jury that indicted Gordon.

The district court properly found that it lacked subject matter jurisdiction to consider the Gordons' FTCA claim. The FTCA serves as a partial abrogation of the United States's immunity from suit, conferring jurisdiction upon district courts to hear allegations of tortious conduct by Government employees and agencies in circumstances "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see Millbrook v. United States*, 569 U.S. 50, 52

---

[1] The Gordons' Motion to Take Judicial Notice is hereby granted.

(2013). An FTCA plaintiff bears the initial burden of demonstrating that its claims fall within § 1346(b)(1)'s general waiver of immunity. *Faber v. United States*, 56 F.3d 1122, 1124 (9th Cir. 1995). Even where a plaintiff meets this burden, its claims may nevertheless be barred by one of the Act's many exceptions. 28 U.S.C. § 2680(a). The United States bears the burden of proving the applicability of any FTCA exception. *Prescott v. United States*, 973 F.2d 696, 701-02 (9th Cir. 1992). Where any of § 1346(b)(1)'s elements have not been met—and/or where an exception applies—the Government has not waived its immunity, and the court lacks subject matter jurisdiction and must dismiss the case. *Sabow v. United States*, 93 F.3d 1445, 1451 (9th Cir. 1996), as amended (Sept. 26, 1996).

Here, the Gordons failed to sufficiently allege a claim of malicious prosecution. *See Gem Trading Co. v. Cudahy Corp.*, 603 P.2d 828, 832 (Wash. 1979).[2] The Gordons failed to point to any of Tillotson's testimony, let alone the portions of his testimony that they consider false or misleading. Additionally, it is the role of the prosecutor—and not the witness—to elicit testimony and otherwise

---

[2] To maintain an action for malicious prosecution in Washington, "the plaintiff must allege and prove (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution." *Gem Trading Co.*, 603 P.2d at 832 (quoting *Peasley v. Puget Sound Tug & Barge Co.*, 125 P.2d 681, 687 (Wash. 1942)).

present evidence to the grand jury. *Cf. Moore v. Valder*, 65 F.3d 189, 196-97 (D.C. Cir. 1995); *Gray v. Bell*, 712 F.2d 490, 516 (D.C. Cir. 1983). Thus, the Gordons failed to meet their burden of establishing that their claim falls within § 1346(b)(1)'s general waiver of immunity, and the district court lacked subject matter jurisdiction to consider their claim. *See Faber*, 56 F.3d at 1124.

Additionally, Tillotson's conduct in investigating Gordon's alleged fraudulent activity is protected by the FTCA's discretionary function exception. The discretionary function exception prohibits claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused," 28 U.S.C. § 2680(a), and applies where the complained of conduct involves an element of judgment or choice and is grounded in public policy. *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008) (citing *United States v. Gaubert*, 499 U.S. 315, 322 (1991)); *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Tillotson's actions during his investigation were done pursuant to the broad discretion afforded to OIG agents by the Inspector General Act, 5 U.S.C. app. 3 § 6, the Agriculture and Food Act, 5 U.S.C. app. 4 § 4(d), and OIG's implementing regulations, 7 C.F.R. pt. 1a. Accordingly, the district court properly determined that the Gordons' claim is barred by the discretionary function exception. *See, e.g.*, *Berkovitz*, 486 U.S. at 536; *Gaubert*,

499 U.S. at 324; *Gonzalez v. United States*, 814 F.3d 1022 (9th Cir. 2016); *Sabow*, 93 F.3d at 1451; *Vickers v. United States*, 228 F.3d 944, 951 (9th Cir. 2000).

The district court properly considered evidence outside the pleadings in ruling on the Government's Rule 12(b)(1) motion to dismiss. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised … the court may inquire by affidavits or otherwise, into the facts as they exist."); *cf. Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). Specifically, the district court properly considered Tillotson's declaration and grand jury testimony—as well as the declaration submitted by the Gordons— and did not err in declining to convert the Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment. *See, e.g.*, *Green v. United States*, 630 F.3d 1245,1248 n.3 (9th Cir. 2011); *Robinson*, 586 F.3d at 685; *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1193 (9th Cir. 2008); *Augustine v. United States*, 704 F.2d 1074 (9th Cir. 1983).

**AFFIRMED.**