84 P.3d 245 (2004)
150 Wash.2d 905
Piety Ann CLARK, Respondent,
v.
Wayne A. BAINES and "Jane Doe" Baines, husband and wife, Petitioners.
No. 73287-6.
Supreme Court of Washington, En Banc.
Argued November 13, 2003.
Decided February 5, 2004.
*246 Wayne Clark Fricke, Tacoma, for Petitioners.
Otto Steve Matsch, Tacoma, for Respondent.
SANDERS, J.
Following Wayne A. Baines's entry of an Alford[1] plea to two counts of fourth degree assault with sexual motivation, the complaining witness, Piety Ann Clark, sued Baines for sexual battery and outrage. Baines counterclaimed for malicious prosecution of Clark's civil action. On Clark's motion for partial summary judgment, the trial court dismissed Baines's counterclaim after concluding the record of Baines's Alford plea conclusively established probable cause for Clark's civil action. The Court of Appeals affirmed in a split decision. We hold an Alford plea cannot be used as the basis for collateral estoppel in a subsequent civil action. Accordingly, we reverse the Court of Appeals and remand the case to the trial court for further proceedings.

FACTS
In 1997, Baines worked as a part-time, state-provided caregiver for Clark, who is legally blind. On October 2, 1997, Clark contacted the Pierce County Sheriff's Office and alleged Baines had raped her on several *247 occasions and had threatened her with a gun. On October 6, 1997, the State charged Baines with first degree rape with a firearm enhancement.[2] At his arraignment Baines pleaded not guilty.
Sixteen months later the State amended the charges to two counts of fourth degree assault with sexual motivation.[3] In a written statement, the State explained:
The State is not saying that a sexual assault of some sort did not occur, however, there is a significant problem with the credibility of the victim. The victim is legally blind, however, after speaking with witnesses, some of whom have seen her driving, it appears that she can see to a far greater degree than she will admit to. Her sight would have been an issue at trial.
A conviction as charged would be furhter [sic] doubtful becuase [sic] there is strong evidence that the victim and the defendant may have engaged in a mutual sexual relationship in which the victim was rejected.
Clerk's Papers (CP) at 20.
On February 24, 1999, Baines entered an Alford plea to both counts in the amended information in exchange for the State's recommendation of one day in jail with one year of probation. In a document titled "STATEMENT OF DEFENDANT ON PLEA OF GUILTY," Baines explained his decision to accept the State's offer:
Although I maintain my innocence I am entering into this plea agreement because after reviewing the facts and law with my attorney I believe a jury would find me guilty of the crime charged in the Amended Information if the case proceeded to trial and I desire to take advantage of the State's recommendation.
CP at 22. Baines's attorney told the court that Baines was not agreeing to the facts, but had agreed to enter an Alford plea to avoid the risk of a first degree rape conviction. The court accepted Baines's Alford plea and followed the State's sentencing recommendation.
On May 13, 1999, Clark filed a complaint in the Superior Court of Pierce County against Baines for sexual battery and outrage. Baines filed an answer in which he denied Clark's allegations and counterclaimed for malicious prosecution of Clark's civil action.[4]
On March 9, 2000, Clark moved for partial summary judgment seeking dismissal of Baines's counterclaim. She argued Baines could not maintain his malicious prosecution counterclaim because the criminal case had *248 not terminated on the merits in his favor. Clark also claimed Baines could not prove her allegations were not based on probable cause. Baines argued whether Clark's allegations in her civil action were based on probable cause depended on their truthfulness, which was a disputed question of material fact that could not be decided on summary judgment and the inquiry could not be factually or legally precluded by the result in the criminal case.
On April 14, 2000, the trial court granted Clark's motion for partial summary judgment and dismissed Baines's counterclaim by giving his Alford plea in the criminal case preclusive effect in the civil case. The trial court stated:
The issue is whether a plea of guilty which is a Newton or Alford plea to reduce [sic] charges is sufficient to establish the probable cause required as a complete defense to malicious prosecution, and I believe that under these circumstances, given the Statement of Defendant on Plea of Guilty in the criminal action, that it is sufficient to act as a bar in this case to a counterclaim for malicious prosecution. So it will be on that basis that I grant the motion for summary judgment.
Verbatim Report of Proceedings at 20-21.
In a split decision, the Court of Appeals affirmed, holding Baines's Alford plea preclusively established probable cause for Clark's civil action. Clark v. Baines, 114 Wash.App. 19, 26, 55 P.3d 1180 (2002). Baines petitioned this court for review, which we granted. 149 Wash.2d 1009, 69 P.3d 875 (2003).

STANDARD OF REVIEW
When reviewing an order granting summary judgment we engage in the same inquiry as the trial court. Huff v. Budbill, 141 Wash.2d 1, 7, 1 P.3d 1138 (2000). All facts and reasonable inferences must be considered in the light most favorable to the nonmoving party. Mountain Park Homeowners Ass'n, Inc. v. Tydings, 125 Wash.2d 337, 341, 883 P.2d 1383 (1994). We may affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Van Noy v. State Farm Mut. Auto. Ins. Co., 142 Wash.2d 784, 790, 16 P.3d 574 (2001).

ANALYSIS
Actions for malicious prosecution are not favored in the law, although they will be readily upheld when the proper elements have been established. See Hanson v. City of Snohomish, 121 Wash.2d 552, 558, 852 P.2d 295 (1993); Nichols v. Severtsen, 39 Wash.2d 836, 837, 239 P.2d 349 (1951) (citing Peasley v. Puget Sound Tug & Barge Co., 13 Wash.2d 485, 496, 125 P.2d 681 (1942)). At common law a malicious prosecution claim arising from a criminal action requires the plaintiff to prove the following elements:
(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.
Hanson, 121 Wash.2d at 558, 852 P.2d 295 (quoting Peasley, 13 Wash.2d at 497, 125 P.2d 681); Bender v. City of Seattle, 99 Wash.2d 582, 593, 664 P.2d 492 (1983); Banks v. Nordstrom, Inc., 57 Wash.App. 251, 255-56, 787 P.2d 953 (1990).
While actions for malicious prosecution began as a remedy for unjustifiable criminal proceedings, Washington law also recognizes this remedy where a civil suit has been wrongfully initiated. RCW 4.24.350(1); see, e.g., Hanson v. Estell, 100 Wash.App. 281, 286-87, 997 P.2d 426 (2000); Gem Trading Co. v. Cudahy Corp., 92 Wash.2d 956, 964, 603 P.2d 828 (1979); accord PROSSER AND KEETON ON THE LAW OF TORTS § 120, at 889 (W. Page Keeton ed., 5th ed. 1984) ("The action of malicious prosecution, which began as a remedy for unjustifiable criminal proceedings, has been undergoing a slow process of extension into the field of the wrongful initiation of civil suits."). In Washington a malicious prosecution claim arising from a civil action requires the plaintiff to prove the *249 same five elements listed above plus two additional elements: (6) arrest or seizure of property and (7) special injury (meaning injury which would not necessarily result from similar causes of action). Gem Trading, 92 Wash.2d at 963-64, 603 P.2d 828; see also Petrich v. McDonald, 44 Wash.2d 211, 216-22, 266 P.2d 1047 (1954). Although the malicious prosecution plaintiff must prove all required elements, malice and want of probable cause constitute the gist of a malicious prosecution action, Hanson, 121 Wash.2d at 558, 852 P.2d 295; as such, proof of probable cause is an absolute defense. Id.; Brin v. Stutzman, 89 Wash.App. 809, 819, 951 P.2d 291 (1998).
Baines argues the trial court erred in granting summary judgment because issues of material fact exist as to whether Clark had probable cause to file her civil action. He contends the trial court erred by applying collateral estoppel to give his Alford plea preclusive effect in Clark's civil action. Although not entirely clear, Clark apparently contends the trial court did not apply collateral estoppel in granting Clark's motion for partial summary judgment.[5] As such she frames the issue in this case as being not one of collateral estoppel, but rather, "whether [Baines's] plea of guilty to two counts of assault with sexual motivation, his statements in his plea documents, and the findings of the judge form `probable cause' for [Clark's] civil action against him." Br. of Resp't at 6.
The doctrine of collateral estoppel prevents a party from relitigating issues that have been raised and litigated by the party in a prior proceeding. Reninger v. Dep't of Corr., 134 Wash.2d 437, 449, 951 P.2d 782 (1998); see also Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wash.2d 255, 262, 956 P.2d 312 (1998). "`Collateral estoppel promotes judicial economy and prevents inconvenience, and even harassment, of parties.'" Hadley v. Maxwell, 144 Wash.2d 306, 311, 27 P.3d 600 (2001) (quoting Reninger, 134 Wash.2d at 449, 951 P.2d 782).
We have developed a four-part test to determine whether a previous litigation should be given collateral estoppel effect in a subsequent litigation. The party asserting collateral estoppel must prove: (1) the issue decided in the prior adjudication is identical to the one presented in the current action, (2) the prior adjudication must have resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication, and (4) precluding relitigation of the issue will not work an injustice on the party against whom collateral estoppel is to be applied. State v. Harrison, 148 Wash.2d 550, 561, 61 P.3d 1104 (2003) (citing Nielson, 135 Wash.2d at 262-63, 956 P.2d 312). A court may apply collateral estoppel only if all four elements are met. George v. Farmers Ins. Co. of Wash., 106 Wash.App. 430, 443, 23 P.3d 552 (2001).
The determination of whether application of collateral estoppel will work an injustice on the party against whom the doctrine is assertedthe fourth elementdepends primarily on "`whether the parties to the earlier proceeding received a full and fair hearing on the issue in question.'" Thompson v. Dep't of Licensing, 138 Wash.2d 783, 795-96, 982 P.2d 601 (1999) (quoting In re Marriage of Murphy, 90 Wash.App. 488, 498, 952 P.2d 624 (1998)). Accordingly a criminal conviction after a trial may, under certain circumstances, be given preclusive effect in a subsequent civil action. See e.g., Kyreacos v. Smith, 89 Wash.2d 425, 429-30, 572 P.2d 723 (1977) (holding police detective's first degree murder conviction precluded litigating whether detective was acting within the scope of his employment in subsequent wrongful death action); Maicke v. RDH, Inc., 37 Wash.App. 750, 755, 683 P.2d 227 (holding second degree manslaughter conviction conclusively established negligence in subsequent wrongful death action), review denied, 102 Wash.2d 1014 (1984); Seattle-First Nat'l Bank v. Cannon, 26 Wash.App. 922, 927-28, 615 P.2d 1316 (1980) (holding conviction of conspiracy and aiding and abetting *250 embezzlement of funds from a bank conclusively established wrongful taking of those funds in subsequent civil action). Essential to the underlying rationale of such a result is that a criminal trial provides a defendant a full and fair opportunity to develop and litigate the issues in the criminal case. The same cannot be said, however, where a criminal conviction results from an Alford plea. Falkner v. Foshaug, 108 Wash.App. 113, 122-23, 29 P.3d 771 (2001); N.Y. Underwriters Ins. Co., v. Doty, 58 Wash.App. 546, 550, 794 P.2d 521 (1990) (both citing Safeco Ins. Co. of Am. v. McGrath, 42 Wash.App. 58, 62-64, 708 P.2d 657 (1985), review denied, 105 Wash.2d 1004 (1986)).
In McGrath two men, McGrath and Hayes, got into an altercation in a restaurant parking lot during which McGrath shot Hayes in the neck. 42 Wash.App. at 59, 708 P.2d 657. The State charged McGrath with two counts of second degree assault with a firearm. Id. Although McGrath maintained he shot Hayes in self-defense and while intoxicated, he entered an Alford plea to one count of second degree assault. Id. at 60, 708 P.2d 657. Hayes subsequently brought a personal injury action against McGrath, who was insured under a homeowner's liability policy and an excess personal casualty liability policy. Id. The insurers in turn brought a declaratory judgment action to establish that they had no duty to defend McGrath due to exclusions in each of their respective policies excepting coverage for injuries resulting from intentional or expected acts of the insured. Id. at 60-61, 708 P.2d 657. The trial court granted the insurers' motions for summary judgment concluding McGrath's Alford plea collaterally estopped him from claiming Hayes's injuries were accidental and not expected or intended. Id. at 61, 708 P.2d 657.
On appeal the Court of Appeals concluded that a criminal defendant convicted on the basis of an Alford plea, unlike a defendant convicted after a trial, has not had a full and fair opportunity to litigate the issues in the criminal case. Id. at 62-63, 708 P.2d 657. The court reasoned that a criminal defendant faces powerful coercive forces when deciding whether to: (1) contest criminal charges and risk prolonged incarceration if he or she is found guilty or (2) plead guilty to reduced charges in exchange for a lesser sentence. Id. Such coercion, the court concluded, undermines the policy behind collateral estoppel and makes it such that a defendant who enters an Alford plea "has not had a `full and fair opportunity' to litigate the issues normally decided in a full-fledged criminal trial." Id. at 63, 708 P.2d 657. Thus the court held collateral estoppel could not be used to give McGrath's Alford plea preclusive effect in the insurers' civil action. Id.
The court in McGrath based its decision, at least in part, on the sound reasoning of the California Supreme Court:
A plea of guilty is admissible in a subsequent civil action on the independent ground that it is an admission. It would not serve the policy underlying collateral estoppel, however, to make such a plea conclusive. "The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy." "This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case." When a plea of guilty has been entered in the prior action, no issues have been "drawn into controversy" by a "full presentation" of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate his cause in a civil action.
Teitelbaum Furs, Inc. v. Dominion Ins. Co., 58 Cal.2d 601, 605-06, 375 P.2d 439, 25 Cal. Rptr. 559, 561 (1962) (citations omitted), cert denied, 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130 (1963), quoted in McGrath, 42 Wash.App. at 64, 708 P.2d 657, and Doty, 58 Wash.App. at 550, 794 P.2d 521[6]; accord *251 In re Disciplinary Proceeding Against McLendon, 120 Wash.2d 761, 770, 845 P.2d 1006 (1993) (observing "[g]enerally, due process prohibits an Alford plea from being the basis for collateral estoppel in a subsequent action.").
Applying collateral estoppel to give an Alford plea preclusive effect in a subsequent civil action is uniquely problematic. Where a defendant is convicted pursuant to an Alford plea not only has there been no verdict of guilty after a trial but the defendant, by entering an Alford plea, has not admitted committing the crime. See In re Pers. Restraint of Montoya, 109 Wash.2d 270, 277, 744 P.2d 340 (1987) (noting an Alford plea allows defendant to plead guilty even while unable or unwilling to admit guilt); see also United States v. Johnson, 326 F.3d 934, 936 n. 2 (8th Cir.2003) ("Unlike a defendant making an ordinary guilty plea, a defendant making an Alford plea maintains his innocence of the offense charged."). As such an Alford plea cannot be said to be preclusive of the underlying facts and issues in a subsequent civil action.
The trial court's order granting Clark's motion for partial summary judgment and dismissing Baines's malicious prosecution counterclaim was based exclusively on Baines's Alford plea. The trial court concluded the record of Baines's Alford plea precluded him from litigating the issue of whether Clark's allegations in her civil action were based on probable cause. Notwithstanding Clark's argument to the contrary, such a conclusion amounts to an application of the collateral estoppel doctrine. For the reasons discussed above the trial court's decision to give Baines's Alford plea preclusive effect in Clark's subsequent civil action was improper.
Therefore we hold a defendant who pleads guilty pursuant to an Alford plea has not had a full and fair opportunity to litigate the issues in the criminal action. As such an Alford plea as a matter of law fails the fourth element of the four-part collateral estoppel test because giving such a plea preclusive effect in a subsequent civil action would work an injustice against the party who entered the plea. Accordingly Baines's Alford plea to fourth degree assault with sexual motivation carries no collateral estoppel effect in Clark's civil action. To prevail on his malicious prosecution counterclaim Baines must prevail in Clark's civil action and also prove it was initiated or maintained without probable cause; however his Alford plea does not preclude him from making such a showing at trial.

CONCLUSION
The Court of Appeals is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. Baines shall recover his costs on appeal.
ALEXANDER, C.J., JOHNSON, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.
IRELAND, J. (concurring).
I agree with the majority that the Alford[1] plea should not be given preclusive effect in this case to establish probable cause for bringing a subsequent civil action by a plaintiff *252 alleging facts similar to the criminal charges which were the subject of the Alford plea. I write separately to emphasize that the analysis of the preclusive effect of an Alford plea might be different if the party entering such a plea brought a malicious prosecution action against the state, prosecutor, or a complaining witness in the criminal case alleging no probable cause for the criminal charges. We do not reach that issue in this case. See majority at 247 n.4.
It should also be noted that Clark did not offer the Alford plea of Baines as preclusive evidence of the sexual assault alleged in her civil complaint. Rather, she offered it and the judge granted summary judgment on the basis that the Alford plea preclusively established probable cause to bring the civil action. I agree with the majority that in this case Clark's veracity will need to be determined by the jury. That is because of the limited admissions contained in Baines' Alford plea and the fact that the evidence will be primarily Clark's word against Baines'. However, that is not to say that an Alford plea could never support probable cause for a subsequent civil action warranting summary judgment on a malicious prosecution counterclaim. Each case would have to be viewed in light of the contents of the plea and the other evidence available on the issue of probable cause to institute the civil action.
Additionally, it should be emphasized that the Alford plea may be admissible, within the discretion of the trial court, as an admission by Baines. Consideration of Baines' malicious prosecution claim is only undertaken if the jury reaches a defense verdict for Baines. Should Clark prevail in her action, the jury will not even consider the malicious prosecution counterclaim.
MADSEN, and BRIDGE, JJ., concur.
NOTES
[1] In North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court held "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." In State v. Newton, 87 Wash.2d 363, 552 P.2d 682 (1976) we adopted the rationale in Alford and held that a guilty plea, from a defendant who maintains his or her innocence, is constitutionally valid if there is sufficient evidence to support a jury verdict of guilty, id. at 370, 552 P.2d 682, and the plea is "`a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Id. at 372, 552 P.2d 682 (quoting Alford, 400 U.S. at 31, 91 S.Ct. 160).
[2] Rape in the first degree. (1) A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person by forcible compulsion where the perpetrator or an accessory:

(a) Uses or threatens to use a deadly weapon or what appears to be a deadly weapon; or
(b) Kidnaps the victim; or
(c) Inflicts serious physical injury, including but not limited to physical injury which renders the victim unconscious; or
(d) Feloniously enters into the building or vehicle where the victim is situated.
(2) Rape in the first degree is a class A felony.
RCW 9A.44.040.
The original information charged Baines with first degree rape with a deadly weapon "contrary to RCW 9A.44.040 (1)(a), that being a firearm as defined in RCW 9.41.010, and invoking the provisions of RCW 9.94A.310 [the sentencing grid] and adding additional time to the presumptive sentence as provided in RCW 9.94A.370." Resp. to Mot. for Discretionary Review, Ex. 1 at 1-2 (Clark v. Baines, Wash. Court of Appeals, No. 25879-0-II filed May 5, 2000).
[3] Assault in the fourth degree. (1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.

(2) Assault in the fourth degree is a gross misdemeanor.
RCW 9A.36.041.
The term assault is not statutorily defined, so Washington courts apply the common law definition to the crime. State v. Aumick, 126 Wash.2d 422, 426 n. 12, 894 P.2d 1325 (1995). Washington recognizes three definitions of assault: "(1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm." Id. (quoting State v. Walden, 67 Wash. App. 891, 893-94, 841 P.2d 81 (1992)).
[4] Although Baines's counterclaim and subsequent pleadings do not clearly state that his counterclaim is based solely on Clark's civil action, he assured this court during oral argument that it is, and Clark agreed.
[5] Clark explicitly disclaims reliance on collateral estoppel stating that Baines "has attempted to cloud the issues in this action by raising issues of estoppel, but estoppel is not at issue and this red herring should be ignored." Br. of Resp't at 2.
[6] At oral argument Clark relied heavily on Doty to argue that an Alford plea can form the basis for summary judgment in a subsequent civil action. In Doty a woman brought a personal injury action against her ex-husband alleging he had attacked her. 58 Wash.App. at 547, 794 P.2d 521. After the alleged attack the ex-husband entered an Alford plea to one count of second degree rape. Id. The ex-husband's homeowner's insurer brought a declaratory judgment action and moved for summary judgment seeking a declaration that it had no duty to defend and indemnify. Id. The trial court granted summary judgment. Id. at 548, 794 P.2d 521. On appeal the Court of Appeals explicitly rejected the insurer's argument that ex-husband's Alford plea preclusively established his intent to commit the attack. Id. at 550, 794 P.2d 521. The court reasoned that an Alford plea cannot form the basis for collateral estoppel, although it did constitute an admission. Id. at 550-51, 794 P.2d 521. The court went on to find, however, that summary judgment was appropriate because in addition to ex-husband's Alford plea, further "uncontroverted evidence" established ex-husband intended to commit the attack. Id. at 551-52, 794 P.2d 521. In contrast here the trial court rested summary judgment exclusively on Baines's Alford plea. Clark did not present any additional evidence, uncontroverted or otherwise, to support her claim that she had probable cause to initiate her civil action. Doty is therefore of no assistance to Clark.
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).