[No. 200,761-9.   En Banc.]
Considered November 18, 2010.     Decided January 13, 2011.

*In the Matter of the Disciplinary Proceeding Against* PAUL KING, *an Attorney at Law.*

¶1 STEPHENS, J. — Following a plea of guilty to federal mail fraud, the Washington State Bar Association Disciplinary Board (Board) recommended attorney-appellant Paul King be disbarred. King does not dispute the premise that

a conviction for mail fraud is a breach of professional ethics for which disbarment is appropriate. Instead, he challenges the fairness of the proceedings against him, asking us to consider whether disciplinary counsel should have been disqualified, whether the hearing officer failed to follow hearing rules with regard to settlement of the hearing transcript, and whether King's plea of guilty should be binding where he was not permitted to enter an *Alford* plea.[1] We conclude that King's disbarment is warranted and so order.

## FACTS AND PROCEDURAL HISTORY

¶2 Paul King was admitted to practice law in Washington in 1977. In July 2008, King was charged in the United States District Court for the Western District of Washington with five counts of mail fraud in violation of 18 U.S.C. § 1341, based on allegations that he helped an individual fraudulently obtain benefits from the Washington State Employment Security Department. On November 24, 2008, King signed a plea agreement, admitting he was guilty of the charged offense and admitting to the facts necessary to establish the elements of mail fraud. Before entering the plea, King testified under oath that his plea was made knowingly, intelligently, and voluntarily. The trial court entered findings to this effect. King was convicted of mail fraud and sentenced to 10 months of imprisonment, followed by three years of supervised release, and ordered to pay $44,858 in restitution to the Washington State Employment Security Department.

¶3 Based on the conviction, the Washington State Bar Association (WSBA) commenced disciplinary proceedings against King. A disciplinary hearing was held in front of a hearing officer. The hearing officer noted in his written recommendation that King previously had been suspended three times from the practice of law for conduct involving

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

dishonesty. The hearing officer concluded that King's mail fraud conviction violated several Rules of Professional Conduct, and further concluded that the presumptive sanction for those violations was disbarment. The hearing officer's decision also observed that there were aggravating factors at play, including King's prior suspensions, and that no mitigating factors were presented. Accordingly, the hearing officer recommended disbarment. The Board unanimously voted to adopt the hearing officer's recommendation. King appealed to this court.

¶4 While King's appeal was pending, we ordered his disbarment in an unrelated case decided in June 2010. Disbarment was imposed for, among other things, practicing law while suspended. *In re Disciplinary Proceeding Against King*, 168 Wn.2d 888, 232 P.3d 1095 (2010) (*King* I). In part because of our decision in *King* I, the WSBA filed a motion to decide this case without oral argument. King in turn filed a motion to dismiss the case. We granted the WSBA's motion to decide this case without oral argument and denied King's motion to dismiss.

## ANALYSIS

¶5 At the outset, it should be made clear that King assigns no error to the hearing officer's findings of fact. They are therefore treated as verities. *In re Disciplinary Proceeding Against Marshall*, 167 Wn.2d 51, 66, 217 P.3d 291 (2009) (*Marshall* II). Nor does King assign error to the presumptive sanction applied here or to the conclusion that there were aggravating factors present but no mitigating factors. His appeal raises only questions of law concerning the fairness of the disciplinary proceedings. Our review is de novo. *In re Disciplinary Proceeding Against Whitt*, 149 Wn.2d 707, 717, 72 P.3d 173 (2003) (observing that in lawyer disciplinary proceedings, questions of law are reviewed de novo).

*A. Should disciplinary counsel have been disqualified?*

¶6 King argues disciplinary counsel, Scott Busby, should have been disqualified for lack of appearance of fairness.

King filed a motion to disqualify Busby at the disciplinary proceeding, but the hearing officer did not rule upon it. King now argues that Busby should have been disqualified and that the hearing officer erred when he failed to rule upon King's motion.

¶7 King alleges that Busby had impermissible ex parte contact with the Board. Br. of Att'y at 5. But his argument is based on supposition and conjecture, weaving together a chronology of events from several different proceedings to arrive at the unsupported conclusion that Busby had ex parte contact with the Board. There being no support for King's argument, we reject it.

¶8 In addition, the hearing officer did not err in declining to rule on King's motion to disqualify Busby. King served his motion by mail just one day before the hearing officer released his findings of fact and conclusions of law. Clerk's Papers (CP) at 115. It is not clear that the hearing officer even received the belated motion before he released his findings of fact and conclusions of law.

¶9 King has not demonstrated disciplinary counsel engaged in misconduct warranting disqualification, and the hearing officer did not err in issuing his findings of fact and conclusions of law without ruling on King's late-filed motion to disqualify.

*B. Did the hearing officer fail to settle the transcript in accordance with the Rules for Enforcement of Lawyer Conduct (ELC)?*

¶10 King argues the hearing officer failed to properly settle the transcript. Br. of Att'y at 2. But perplexingly, King's discussion of this issue seems to indicate the transcript was in fact settled.

¶11 In accordance with ELC 11.4(c), King filed a proposed correction to the hearing transcript, moving to strike the word "never" from page 21, line four of the transcript, CP at 96, and the WSBA filed an opposition to King's proposed correction. CP at 99. Once a proposed correction

and opposition to the proposal have been filed under ELC 11.4(c), the following occurs:

> [T]he hearing officer, upon review of the proposed corrections and objections, enters an order settling the transcript. Otherwise, the transcript is deemed settled and any proposed corrections deemed incorporated in the transcript.

ELC 11.4(d). The hearing officer took no action on the proposed correction or the WSBA's objection to it. Thus, under ELC 11.4(d), the transcript is deemed settled and King's proposed correction is incorporated.[2] It is therefore not clear what error King believes the hearing officer made.

C. *Is disbarment properly predicated on King's guilty plea in federal court where he was not allowed to enter an* Alford *plea?*

¶12 ELC 10.14(c) mandates that a court record of an attorney's criminal conviction is conclusive evidence of the attorney's guilt at a disciplinary proceeding. In the underlying criminal case here, King was not allowed to enter an *Alford* plea as a matter of policy set by the Office of the United States Attorney for the Western District of Washington. Citing to this court's opinion in *Clark v. Baines*, 150 Wn.2d 905, 84 P.3d 245 (2004), King argues that an *Alford* plea would not be conclusive evidence of guilt in a subsequent civil action because in entering an *Alford* plea, the pleading party does not have a full and fair opportunity to litigate the issues in the underlying criminal case. Br. of Att'y at 23-24 (citing *Clark*, 150 Wn.2d 905). Thus, argues King, if he had been able to enter an *Alford* plea, his conviction would not have been conclusive evidence of guilt at his disciplinary hearing. He asks this court to hold that absent the opportunity to enter an *Alford* plea, a federal plea of guilty should not be conclusive of guilt under ELC 10.14(c).

¶13 King's request is problematic in the first instance because it seems to assume a prosecutor's office must offer

---

[2] King makes no argument as to how the deletion of the word "never" in the hearing testimony affected the hearing officer's conclusions.

a defendant the option of an *Alford* plea. As the WSBA points out, a defendant has no right to a plea bargain, Answering Br. of WSBA at 15 (citing *State v. Yates*, 161 Wn.2d 714, 741, 168 P.3d 359 (2007)), and therefore no right to a particular type of plea.

¶14 Moreover, the premise of King's argument is that had he been allowed to enter an *Alford* plea, then "the factual issue of whether he committed the crime of Mail Fraud as defined by 18 U.S.C. § 1341 would have to be litigated herein to be established as a felony upon which a disbarment or other lawyer discipline could be based." Br. of Att'y at 25. This is wrong.

¶15 Whatever the basis for King's conviction, the federal judgment and sentence evidences a felony conviction upon which ELC 10.14(c) operates. We recognize as much in *In re Disciplinary Proceeding Against Smith*, 170 Wn.2d 721, 246 P.3d 1224 (2011) where we cite to a portion of *In re Proceedings for Disbarment of Finch*, 156 Wash. 609, 287 P. 677 (1930), explaining a predecessor statute to ELC 10.14(c):

> "[The rule] provides that 'the record of conviction shall be conclusive evidence.' The purpose of this last quoted clause is apparent. We have no power to review the judgments of the Federal courts and must accept them as binding on us. The legislature, realizing the futility of going behind the record of conviction in any such case, made that record conclusive evidence and we must accept it as such."

*Smith*, 170 Wn.2d at 730 (alteration in original) (quoting *Finch*, 156 Wash. at 610) (quoting REM. COMP. STAT. § 139-14). Consistent with *Smith* and *Finch*, we reject King's invitation to relitigate his criminal offense.

¶16 King's reliance on *Clark* is misplaced. We said in *Clark* that a defendant who enters an *Alford* plea has not had a full and fair opportunity to litigate the issues in a criminal action, so principles of collateral estoppel did not preclude the defendant's malicious prosecution counterclaim as a matter of law. *Clark*, 150 Wn.2d at 913-17. Even if we were to accept the underlying notion that ELC

10.14(c) is merely an application of the doctrine of collateral estoppel, the fact remains that King had a full and fair opportunity to litigate the issue of whether he committed mail fraud in the prior criminal action. He makes no argument that his decision to plead guilty rather than go to trial was not made knowingly, intelligently, and voluntarily. The WSBA notes that King's plea resulted in the dismissal of four counts in the five count indictment and a sentence reduction for acceptance of responsibility. Answering Br. of WSBA at 1. As we observed recently in *Smith*, this disciplinary action is merely a collateral consequence of the established mail fraud conviction. *Smith*, 170 Wn.2d at 733 (citing *In re Disciplinary Proceeding Against Walgren*, 104 Wn.2d 557, 569, 708 P.2d 380 (1985) (discussing collateral consequences of a felony conviction under Washington law)).

¶17 We hold that King's plea of guilty provided conclusive evidence of guilt under ELC 10.14(c) to support his disbarment.

## CONCLUSION

¶18 We order King's disbarment. His arguments regarding misconduct by disciplinary counsel and alleged missteps by the hearing officer are unsubstantiated. We reject his argument concerning the effect of an *Alford* plea because King was not entitled to enter an *Alford* plea and the fact of conviction remains. Consistent with *Smith*, the plea was properly given conclusive effect under ELC 10.14(c) as a collateral consequence of the conviction.

MADSEN, C.J.; C. JOHNSON, ALEXANDER, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ.; and SANDERS, J. PRO TEM., concur.