Ignacio LANUZA, Plaintiff,

v.

Jonathan M. LOVE, et al., Defendants.

Case No. C14–1641 MJP.

United States District Court,
W.D. Washington,
at Seattle.

Signed Oct. 2, 2015.

## ORDER DENYING DEFENDANT UNITED STATES' MOTIONS TO DISMISS

MARSHA J. PECHMAN, District Judge.

THIS MATTER comes before the Court on Defendant United States' motions to dismiss, (Dkt. Nos. 53, 58.)[1] Having reviewed the motions, Plaintiff's response briefs, (Dkt. Nos. 60, 68), and the related record, the Court hereby DENIES the motions. The Court DENIES Defendant United States' motion for reconsideration, (Dkt. No. 81).

### Background

Plaintiff commenced this action on October 23, 2014 against Defendant Jonathan M. Love and Defendant United States. (Dkt. No. 1.) Both Defendants moved to dismiss Plaintiff's complaint. (Dkt. Nos. 9, 14.) On March 20, 2015, the Court entered an order granting Defendant Love's motion to dismiss and granting in part and denying in part Defendant United States' motion to dismiss. (Dkt. No. 35.) The Court allowed Plaintiff to proceed with his malicious prosecution claim—brought under the Federal Tort Claims Act ("FTCA")—against Defendant United States. (*Id.* at 14.)

The relevant facts from Plaintiff's complaint are set forth in the Court's order granting Defendant Love's motion to dismiss and granting in part and denying in part Defendant United States' first motion to dismiss. (*Id.* at 2–5.) The Court does not repeat them here. Defendant United States has filed two additional motions to dismiss directed towards Plaintiff's malicious prosecution claim. (Dkt. Nos. 53,

Glenda Melinda Aldana Madrid, Matt Adams, Northwest Immigrant Rights Project, Christopher Schenck, Dario A. Machleidt, Stephanie M. Martinez, Kilpatrick Townsend & Stockton LLP, Seattle, WA, for Plaintiff.

Jonathan M. Love, pro se.

Timothy M. Durkin, U.S. Attorney's Office, Spokane, WA, for Defendants.

1. Because Defendant United States filed a praecipe to replace Dkt. No. 53, *see* Dkt. No. 54, the Court addresses the arguments set forth in Dkt. No. 54.

58.) Plaintiff opposes the motions. (Dkt. Nos. 60, 68.)

## Discussion

### I. Motions for Judgment on the Pleadings

#### A. Legal Standard

■ Because Defendant United States has filed an answer to Plaintiff's complaint, (Dkt. No. 37), Defendant United States' motions to dismiss are properly construed as motions for judgment on the pleadings. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir.2004) ("A Rule 12(b)(6) motion must be made *before* the responsive pleading. Here, the Defendants filed their motion to dismiss *after* filing their answer. Thus, the motion should have been treated as a motion for judgment on the pleadings pursuant to Rule 12(c) or 12(h)(2)") (citations omitted).

In adjudicating a motion for judgment on the pleadings, the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.2009) (citations omitted). "Judgment on the pleadings is properly granted where there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.*

#### B. Investigative or Law Enforcement Officer

Defendant United States argues it is entitled to judgment as a matter of law on Plaintiff's malicious prosecution claim because the FTCA "only allows malicious prosecution claims against the United States for acts undertaken by federal investigative or law enforcement officers within the scope of their employment ..." (Dkt. No. 54 at 7.) Defendant United States argues Plaintiff's malicious prosecution claim is directed solely towards the acts of Mr. Love who is not an investigative or law enforcement officer. (*Id.*)

Defendant United States raised this argument in its first motion to dismiss. (Dkt. No. 14 at 11–12.) The Court considered the argument and ruled that "[b]ecause it is plausible that an investigative or law enforcement officer engaged in actions that form the basis of Mr. Lanuza's malicious prosecution claim, dismissal of Mr. Lanuza's malicious prosecution claim is inappropriate." (Dkt. No. 35 at 13.) Because discovery is still ongoing, this argument remains premature. The Court DENIES Defendant United States' motions for judgment on the pleadings on these grounds.

#### C. Probable Cause

Defendant United States moves for judgment on the pleadings on the grounds that the United States had probable cause to initiate and continue removal proceedings. (Dkt. No. 54 at 9); *see also Clark v. Baines*, 150 Wash.2d 905, 912, 84 P.3d 245 (2004) (proof of probable cause is a complete defense to a malicious prosecution action under Washington law). Defendant United States' position is based on an unduly narrow reading of Washington law and of Plaintiff's allegations.

■ The continuation of proceedings without the requisite legal justification can give rise to a malicious prosecution claim. *See Hanson v. City of Snohomish*, 121 Wash.2d 552, 558, 852 P.2d 295 (1993) ("In order to maintain an action for malicious prosecution in this state, a plaintiff must plead and prove ... that there was want of probable cause for the institution or continuation of the prosecution ...")

■ Plaintiff alleges that by submitting a falsified Form I–826 to the Immigration

Court, "ICE caused the continued prosecution of [Plaintiff's] removal case, by opposing his statutory eligibility for cancellation of removal, when he indisputably satisfied the statutory requirements for such relief and had a right under the statute to have the [Immigration Judge] adjudicate his claim to relief on the merits." (Dkt. No. 1 at 16.) These facts, when accepted as true and viewed in the light most favorable to Plaintiff, show disputed issues of material fact exist as to whether ICE caused the prosecution of Plaintiff's removal case to continue without the requisite legal justification. The Court DENIES Defendant United States' motions for judgment on the pleadings on these grounds.

### D. Improper Action

Defendant United States moves for judgment on the pleadings on the grounds that a malicious prosecution claim requires an improper action in its entirety—not isolated use of altered evidence. (Dkt. No. 54 at 12–13) (citing *Brin v. Stutzman*, 89 Wash.App. 809, 951 P.2d 291 (1998).)

Defendant United States' reliance on *Brin* in inapposite. In *Brin*, the Washington Court of Appeals clarified the requirements needed to bring a malicious prosecution counterclaim. 89 Wash.App. at 819–822, 951 P.2d 291. In doing so, the Washington Court of Appeals interpreted RCW 4.24.350 and held that the statute "requires that the defendant assert a malicious prosecution counterclaim based on an 'action,' not merely a factual allegation." *Id.* at 819–20, 951 P.2d 291. Here, Plaintiff asserts a malicious prosecution claim based on common law. As discussed *supra*, the continuation of legal proceedings without the requisite legal justification gives rise to a malicious prosecution claim. Accordingly, the Court DENIES Defen-

dant United States' motions for judgment on the pleadings on these grounds.

### E. Malice

██ Defendant United State moves for judgment on the pleadings on the grounds that Plaintiff has failed to allege and cannot prove the malice element of his malicious prosecution claim. (Dkt. No. 54 at 13–15.)

██ The prosecution of an action "undertaken for improper or wrongful motives or in reckless disregard for the rights of the plaintiff" satisfies the malice element of a malicious prosecution claim. *See Peasley v. Puget Sound Tug & Barge Co.*, 13 Wash.2d 485, 502, 125 P.2d 681 (1942).

Plaintiff alleges "[n]ot only did ICE manufacture evidence by altering the original I–826, an ICE official then removed any evidence of the original I–826 from the administrative files, and replaced it with the altered document, now dated January 2000." (Dkt. No. 1 at 13.) Plaintiff further alleges "relying on the blatant forgery, Defendant Love successfully argued to both the [Immigration Judge] and the BIA that the document rendered Mr. Lanuza statutorily ineligible for the relief he had applied for." (*Id.*) These facts, when accepted as true and viewed in the light most favorable to Plaintiff, show disputed issues of material fact exist as to whether ICE acted in reckless disregard of Plaintiff's rights. Defendant United States makes the additional argument that the "submission of a single piece of altered evidence is likewise insufficient to establish the required malice element in this case even if those allegations are directed against ICE Prosecutor Love or another culpable agent." (Dkt. No. 54 at 15.) The Court disagrees—particularly where Plaintiff has alleged that the Immigration

Judge ("IJ") relied on the forged document to determine Plaintiff was not eligible for cancellation of removal and to order him removed. (Dkt. No. 1 at 19.) The Court DENIES Defendant United States' motions for judgment on the pleadings on these grounds.

### F. Arrest or Seizure of Property

Defendant United States moves for judgment on the pleadings on the grounds that Plaintiff cannot prove the arrest or seizure of property element of his malicious prosecution claim. (Dkt. No. 54 at 15–16.)

█ A malicious prosecution claim "arising from a civil action requires the plaintiff to prove ... two additional elements: ... arrest or seizure of property and ... special injury (meaning injury that would not normally result from similar causes of action)." *Clark*, 150 Wash.2d at 912, 84 P.3d 245.

█ Plaintiff alleges facts sufficient to satisfy the arrest or seizure of property element of his malicious prosecution claim. Washington courts have interpreted this element as requiring a showing of "interference with the person." *See Banks v. Nordstrom, Inc.*, 57 Wash.App. 251, 261, 787 P.2d 953 (1990). Plaintiff alleges he was in immigration custody before being released on bond. (Dkt. No. 1 at 4.) He also alleges he was ordered removed as a result of ICE's actions. (*Id.* at 8.) These facts, when accepted as true and viewed in the light most favorable to Plaintiff, show disputed issues of material fact exist as to whether Defendant United States interfered with Plaintiff's person. Defendant United States also implies in its motions that Plaintiff is required to allege "unlawful arrest" to prevail on his malicious pros-

ecution claim. (*See* Dkt. No. 54 at 15–16.) However, the cases Defendant United States cites to do not support this proposition. And, even if Plaintiff were required to plead unlawful arrest, Plaintiff's allegations that ICE's actions resulted in an order for his removal are sufficient to satisfy such a requirement. The Court DENIES Defendant United States' motions for judgment on the pleadings on these grounds.

### G. Special Injury

Defendant United States argues the Court should grant its motions for judgment on the pleadings because Plaintiff has not alleged and cannot prove the special injury element of his malicious prosecution claim. (Dkt. No. 54 at 16–18.)

█ The special injury element of a malicious prosecution claim requires a plaintiff to allege and prove that he suffered some type of injury that is not normally or typically incurred in responding to or participating in the type of litigation at issue. *See Petrich v. McDonald*, 44 Wash.2d 211, 216–17, 266 P.2d 1047 (1954).

█ Plaintiff alleges facts sufficient to satisfy the special injury element of his malicious prosecution claim. Plaintiff alleges government officials fabricated evidence, used the fabricated evidence to prosecute him, and that he was subjected to a prolonged, five-year immigration process (which included filing a petition for review with the Ninth Circuit, ordering a forensic evaluation of the Form I–826, and petitioning the BIA to reopen his case) as a result of these actions. (Dkt. No. 1 at 13–14.) He further alleges this prolonged process took a toll on him emotionally, physically, and financially. (*Id.*) These facts, when accepted as true and viewed in

the light most favorable to Plaintiff, show disputed issues of material fact exist as to whether Plaintiff suffered injury that is not typical of immigration proceedings. The Court DENIES Defendant United States' motions for judgment on the pleadings on these grounds.

### H. Absolute Immunity

Defendant United States moves for judgment on the pleadings on the grounds that it is absolutely immune for suit because the "introduction of the altered I–826 form into evidence ... was a prosecutorial function, intimately related to the judicial phase of the proceedings and was directly related to ACC Love's role as advocate for the government." (Dkt. No. 54 at 22–23.)

Defendant United States' argument fails for two reasons. First, as discussed *supra*, Plaintiff's allegations implicate not only the conduct of Mr. Love but also the conduct of other ICE employees. Second, even if Mr. Love were the only ICE official implicated, Defendant United States would not be entitled to judgment as a matter of law on the basis of absolute immunity afforded to prosecutors.

 "[T]he actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Rather, to determine whether absolute immunity applies, courts must focus on "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). The Ninth Circuit has held that absolute immunity applies when a prosecutor is organizing, evaluating, and marshal-

ing evidence in preparation for a pending trial. *See Genzler v. Longanbach,* 410 F.3d 630, 639 (9th Cir.2005). However, absolute immunity does not apply "[w]hen a prosecutor performs the investigative functions normally performed by a police officer." *Id.*

 Plaintiff alleges ICE officials fabricated evidence, destroyed original evidence, and that Mr. Love knowingly introduced fabricated evidence during his removal proceedings. (Dkt. No. 1 at 13.) Even if Mr. Love were the only ICE official implicated by Plaintiff's allegations, manufacturing evidence is "investigatory" in nature and, therefore, Defendant United States would not be entitled to absolute immunity on the grounds that Mr. Love is a prosecutor. *See Genzler,* 410 F.3d at 639–43 (prosecutor and investigator who allegedly encouraged a potential witness to lie were part of "a process of manufacturing evidence while performing police-type investigative work.") The Court DENIES Defendant United States' motions for judgment on the pleadings on these grounds.

### I. 8 U.S.C. § 1252(g)

Defendant United States argues the Court should grant its motions for judgment on the pleadings because 8 U.S.C. § 1252 divests the Court of jurisdiction over Plaintiff's malicious prosecution claim. (Dkt. No. 58 at 4–6.) Defendant United States also argues courts have interpreted Section 1252(g) narrowly only to allow judicial review of constitutional violations. (*Id.* at 5.)

8 U.S.C. § 1252(g) denies a court jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General

to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Supreme Court has clarified that Section 1252(g) only applies to these "three discrete events along the road to deportation" and must be interpreted narrowly. *Reno v. Am.–Arab. Anti–Discrimination Comm. (AADC)*, 525 U.S. 471, 482–83, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999). The Supreme Court has also recognized that there are many other decisions that are part of the deportation process that do not strip the judiciary of jurisdiction. *Id.* ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings.") It has clarified that Section 1252(g) "was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *Id.* at 485, n. 9, 119 S.Ct. 936.

■ Section 1252(g) does not divest the Court of jurisdiction over Plaintiff's malicious prosecution claim. Plaintiff's claim arises from his allegations that an ICE official, or officials, falsified the Form I–826 that resulted in an order for his removal, submitted the falsified form in Immigration Court, removed the original form from the administrative files, and replaced it with the forged document. (Dkt. No. 1 at 4–14.) These alleged actions are non-discretionary and are unrelated to the decision to commence proceedings, adjudicate cases, or execute removal orders. Nor does the Court find, as Defendant United States would urge, that Section 1252(g) should only be applied narrowly in cases alleging a constitutional violation. *See e.g. Turnbull v. United States*, No. 1:06–cv–858, 2007 WL 2153279 (N.D.Ohio July 23, 2007) (applying Section 1252(g) narrowly in a case in which the plaintiff asserted a *Bivens* constitutional claim and claims under the FTCA). Because Plaintiff's allegations do not impli-

cate the jurisdictional limits of Section 1252(g), the Court DENIES Defendant United States' motions for judgment on the pleadings on these grounds.

## J. Washington's Witness Immunity Doctrine

Defendant United States argues the Court should grant its motions for judgment on the pleadings on the grounds that Plaintiff's claim is foreclosed by Washington's witness immunity doctrine, which is also called the litigation privilege doctrine. (Dkt. No. 58 at 6–9); *see Wynn v. Earin*, 163 Wash.2d 361, 376, 181 P.3d 806 (2008).

■ "As a general rule, witnesses in judicial proceedings are absolutely immune from suit based on their testimony." *Bruce v. Byrne–Stevens & Assocs. Engineers, Inc.*, 113 Wash.2d 123, 125, 776 P.2d 666 (1989). "The purpose of the rule is to preserve the integrity of the judicial process by encouraging full and frank testimony." *Id.* at 126, 776 P.2d 666. The Washington Supreme Court has explained that "[t]he various grants of immunity for judges and witnesses, as well as for prosecutors and bailiffs, are all particular applications of this central policy. They are best described as instances of a single immunity for participants in judicial proceedings." *Bruce v. Byrne–Stevens & Associates Engineers, Inc.*, 113 Wash.2d 123, 128, 776 P.2d 666 (1989).

■ Because Plaintiff alleges Mr. Love was acting as a prosecutor during his removal proceedings, the relevant form of absolute immunity is prosecutorial immunity—not witness immunity. And, as discussed *supra*, Defendant United States is not entitled to judgment on the pleadings on the basis of absolute immunity afforded to prosecutors. *See Schmitt v. Langenour*, 162 Wash.App. 397, 407, 256 P.3d 1235 (2011) (Washington courts follow federal constructs of absolute immunity). Even if the witness immunity doctrine were rele-

vant, witness immunity does not provide protection for non-testimonial acts—such as fabricating evidence. *See e.g. Cunningham v. Gates,* 229 F.3d 1271, 1291 (9th Cir.2000) ("... testimonial immunity does not encompass non-testimonial acts such as fabricating evidence.") The Court DENIES Defendant United States' motions for judgment on the pleadings on these grounds.

### Conclusion

The Court DENIES Defendant United States' motions to dismiss, (Dkt. Nos. 53, 58.) And, because the Court has ruled on Defendant United States' motions to dismiss, the Court DENIES Defendant United States' motion for reconsideration of the Court's order denying it leave to file a third dispositive motion while its motions to dismiss were pending, (Dkt. No. 81).

The clerk is ordered to provide copies of this order to all counsel.