# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 82964-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| GEOFFREY KUIRA KABIRU, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, J. — Geoffrey Kabiru appeals the felony judgment and sentence finding him guilty of third degree child molestation. Kabiru argues that the trial court erred by not providing a lesser included offense instruction of fourth degree assault. We affirm.

## FACTS

The State charged Kabiru by amended information with one count of child molestation in the third degree and one count of indecent liberties by forcible compulsion of 14-year-old K.O.[1]

On July 17, 2018, K.O. resided at her mother's condominium in Redmond, Washington. At that time, K.O. split time between her father's home in Des Moines,

---

[1] The charges were based on the same conduct and presented by the State as alternatives.

Washington, and her mother's condominium.  K.O.'s grandmother and younger brother also resided with her mother in Redmond.  K.O.'s grandmother was in poor health and used a wheelchair.  Kabiru worked as a part-time caregiver for K.O.'s grandmother while her mother was at work.

At trial, K.O. testified to the following events that occurred on the morning of July 17, 2018.  K.O. woke up, took a shower, and dressed for the day.  K.O.'s grandmother was the only family member home, but had not exited her room.  K.O.'s mother had made K.O. a bowl of oatmeal for breakfast, but K.O. left it on the counter after a few bites because of a lack of appetite.  Later, Kabiru arrived at the home and began caring for K.O.'s grandmother.

Kabiru exited K.O.'s grandmother's room and asked K.O. whose oatmeal was on the counter.  Kabiru told K.O. that she needed to eat her oatmeal, and began to feed it to her despite her saying that she did not want it.

Kabiru asked K.O. if he could hold her, to which she responded "I guess?" Kabiru wrapped his arms tightly around K.O., grabbed her waist, and turned her around. Kabiru asked K.O. how old she was, if she was a virgin, and if she had a boyfriend. Kabiru continued to hold K.O., keeping her arms to her side.  Kabiru slid his hand down K.O.'s pants, touching her vagina on top of her underwear and asking if he could "feel it."  After a few attempts, K.O. forced Kabiru's hand out of her shorts and elbowed him away before returning to the sofa.

Kabiru called K.O. back to the kitchen and, not wanting to make him mad, she complied.  Kabiru pushed K.O. against the kitchen counter, rubbed his crotch against her bottom, and felt her breasts beneath her bra with his left hand while putting his right

hand down her shorts again. Kabiru again asked K.O. if he could "feel it," told her it felt nice to him, and asked if she was okay. Kabiru eventually stopped what he was doing to go care for K.O.'s grandmother.

K.O. texted her friend, saying that she thought she was just sexually assaulted. While still in the home, Kabiru placed K.O's leg on his, holding down her leg with his right hand. Feeling the urge to leave, K.O. put on her shoes and told Kabiru she was going for a walk. When she was far enough from the building, she called her father and began crying, informing him of what had happened. K.O.'s father told her to wait with building security. K.O. informed security that she had been sexually assaulted and they called the police. K.O. recounted the events to her stepmother, her aunt, her mother, police at the apartment complex, and detectives at the police station. A sexual assault nurse examiner swabbed K.O. for DNA analysis. DNA results were either indeterminate or excluded Kabiru.

At trial, Kabiru testified that he had no physical contact with K.O., including feeding her oatmeal. In closing argument, Kabiru asserted that K.O. fabricated the allegations in order to spend less time at her mother's house.

After both parties rested, Kabiru requested that the trial court instruct the jury on fourth degree assault as a lesser included offense of both indecent liberties by forcible compulsion and third degree child molestation, which the trial court denied. The jury acquitted Kabiru of indecent liberties by forcible compulsion, but found him guilty of third degree child molestation.

Kabiru appeals.

ANALYSIS

Kabiru argues that the trial court erred in denying his request for a jury instruction on the lesser included offense of fourth degree assault. We disagree.

A defendant has the statutory right to a lesser included offense instruction. RCW 10.61.006; State v. Coryell, 197 Wn.2d 397, 400, 483 P.3d 98 (2021). A lesser included offense instruction is warranted if (1) each of the elements of the lesser offense is a necessary element of the offense charged (legal prong), and (2) the evidence in the case supports an inference that the lesser crime was committed (factual prong). State v. Tamalini, 134 Wn.2d 725, 728-29, 953 P.2d 450 (1998) (citing State v. Workman, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978)). We review a trial court's refusal to give an instruction based on the legal prong de novo, and based on the factual prong for an abuse of discretion. State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998).

Here, the parties agree that Kabiru established the legal prong of the Workman test; fourth degree assault is a lesser offense of third degree child molestation. State v. Stevens, 158 Wn.2d 304, 310-11, 143 P.3d 817 (2006) (fourth degree assault is a lesser included offense of second degree child molestation). Thus, we need only examine the factual prong.

When we review the evidence to determine if it sufficient to support a lesser included instruction, we review the "'supporting evidence in the light most favorable to the party that requested the instruction.'" Coryell, 197 Wn.2d at 415 (quoting State v. Fernandez-Medina, 141 Wn.2d 448, 455-56, 6 P.3d 1150 (2000)). "If the evidence permits a jury to rationally find a defendant guilty of the lesser offense, a lesser included offense instruction should be given." Coryell, 197 Wn.2d at 415. However, the

"evidence must affirmatively establish the defendant's theory of the case, it is not enough that the jury might disbelieve the evidence pointing to guilt." Coryell, 197 Wn.2d at 415.

Fourth degree assault is defined as an assault "not amounting to assault in the first, second, or third degree, or custodial assault." RCW 9A.36.041(1). The term "assault" is not statutorily defined, so Washington courts apply the common law definition of assault, three of which we recognize: (1) an attempt, with unlawful force, to inflict bodily injury upon another, (2) an unlawful touching with criminal intent, and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting harm. Clark v. Baines, 150 Wn.2d 905, 909 n.3, 84 P.3d 245 (2004). For this case, the definition of assault that applies is unlawful touching with criminal intent.

A person is guilty of child molestation in the third degree "when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least fourteen years old but less than sixteen years old and the perpetrator is at least forty-eight months older than the victim." RCW 9A.44.089. "Sexual contact" means "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(13).

Kabiru advanced two theories at trial to warrant the inclusion of the lesser included offense instruction. First, he contended that the jury could have determined that the grabbing or restraining alleged in K.O.'s testimony absent sexual contact was

assault. Second, he asserted that the jury could have determined that the force-feeding of oatmeal was assault.

The trial court considered both arguments and determined that the instruction was not warranted:

> The court has to consider whether any affirmative evidence exists upon which a jury could conclude that the lesser included offense was committed. And it's based on whether the jury can reasonably find that the Defendant committed only the lesser offense. And I've heard two arguments.
>
> The first argument that is one where I think counsel was arguing that the jury could essentially find the assault and not the sexual assault with respect to the hugging and the touching, but that the actual sexual assault did not occur. I don't think that's a basis for—factual basis for giving— based on the . . . cases I've read, . . . the cases haven't gone so far as to say they can disbelieve kind of a big portion of what one person testified, but except for one. Nobody actually said they were—no—there's no testimony that just an assault four occurred with that incident. Either the victim said it was a sexual assault . . . in quite detail. And the Defendant testified there was, frankly, no touching whatsoever. So there's really not evidence in the record to support that.
>
> And . . . looking at all the sex assault cases involving the question of whether a lesser was committed . . . virtually, all of them involve cases where actually the Defendant admitted to some sort of touching, albeit accidental. And then the court still made a mistake and decided since it was accidental, it didn't qualify as assault and didn't give the lesser. But there has been some evidence to find that only a nonsexual assault with touching occurred. But that's not present in the evidence here.
>
> With respect to the force feeding of the oatmeal, the testimony that was extraordinarily brief from my review of my notes, which is—and the victim—alleged victim, [K.O.] said that he took a spoon and fed her with it. She didn't really go into any further description. That occurred prior to the sexual assault—alleged sexual assault that she then testified to. And I don't—that's not the basis of the assault charge, that factual component. So I don't think it justifies giving the assault four instruction.

The trial court's reasoning and resulting decision not to give the instruction was not an abuse of discretion. K.O.'s testimony repeatedly addressed the sexual contact

as part of the touching.  Kabiru's testimony was that no touching occurred.  There was no testimony that touching occurred, but it was not sexual in nature.  Kabiru's theory would require the jury to believe K.O.'s testimony that touching occurred, but disbelieve K.O.'s testimony that the touching was sexual in nature.

Stevens is informative.  There, our Supreme Court held that the trial court erred by not giving the lesser included offense instruction of fourth degree assault when the defendant was charged with second degree child molestation.  Stevens, 158 Wn.2d at 310-12.  Stevens testified that his touch of the alleged victim, H.G., was accidental, and he wanted to appear that he was grabbing the alleged-victim's breasts but did not mean to do it.  Stevens, 158 Wn.2d at 311.  The court noted that, had the trial court examined this evidence alone, then it could have properly declined to give the instruction of fourth degree assault.  Stevens, 158 Wn.2d at 311.  If Steven's touch was accidental, then there was no criminal intent to support fourth degree assault.  The victim, however, testified that Stevens grabbed her breasts and later joked about it, making her feel violated.  Stevens, 158 Wn.2d at 312.  As a result, the court concluded that a reasonable juror could infer from the victim's testimony, that Stevens touched her, "without privilege or consent, the touch was offensive, and therefore arguably unlawful." Stevens, 158 Wn.2d at 312.

This case is distinguishable.  Unlike in Stevens, Kabiru's theory at trial was that no contact occurred at all while K.O.'s testimony established the elements of third degree child molestation.  Kabiru did not advance an intermediate theory, rather he asserted that K.O. fabricated the allegations in order to spend less time at her mother's house.  Alternatively, Kabiru contended that the very brief testimony involving the force-

feeding of oatmeal may be considered assault.  Unlike in <u>Stevens</u>, there was no evidence that Kabiru touched K.O., that the touch was offensive or unlawful, but was not sexual in nature.

The trial court did not abuse its discretion in refusing to give the requested lesser included instruction for fourth degree assault.

Affirmed.

_Mann, J._

WE CONCUR:

_Birk, J._

_Andrus, C.J._